■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v. ANDREW JACKSON, Appellant.— In a *coram nobis* proceeding, appeal by defendant from an order of the County Court, Dutchess County, entered February 3, 1965, which denied without a hearing his application (1) to vacate a judgment of said court rendered March 20, 1963, which had imposed sentence upon him as a second felony offender and (2) for resentence as a first offender. Order reversed, on the law, and application remitted to the court below: (1) for a hearing on the question whether defendant was improperly deprived of the assistance of counsel during the proceedings culminating in his prior conviction; and (2) for further proceedings not inconsistent herewith. No questions of fact have been considered. The prior felony here involved was a 1959 conviction for aggravated assault in the State of Florida. On this application defendant contends that the Florida conviction was for a crime that would not have been a felony if committed in New York and that he was unconstitutionally deprived of counsel in the Florida proceedings. The learned County Judge treated the application as one for *coram nobis* relief, despite its designation by defendant as one for resentence. He then held that the Florida crime, as defined by the statute of that State, would be a felony if committed in New York and that the contention of unlawful deprivation of counsel must be made in the Florida courts, not in the courts of New York; and for those reasons he denied the application without a hearing. We agree that the application must be deemed one for *coram nobis* relief. Consequently, its denial is appealable to this court (*People* v. *Machado,* 17 N Y 2d 440). We also agree that the Florida crime would be a felony in New York (see: Florida Stat. Ann., § 784.04; New York Penal Law, § 242, subd. 4). We do not agree that the contention of deprivation of counsel in the Florida proceedings must be made in the courts of that State. That contention may be made in a *coram*

*nobis* proceeding in New York (Penal Law, § 1943; *People* v. *Machado, supra*). If that contention shall be sustained, it would follow that it was not correct to utilize the Florida conviction as the predicate for a second-offender sentence (Penal Law, § 1943). In our opinion, defendant's papers on this application make a sufficient prima facie showing of a deprivation of counsel in the Florida proceedings to require a hearing on that issue. Ughetta, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.